Filed 3/6/26  P. v. Flores CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065035 |
| v. | (Super. Ct. No. 15NF1057) |
| ALEJANDRO GUILLEN FLORES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge. Affirmed.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

## INTRODUCTION

In November 2018, Defendant Alejandro Guillen Flores (Defendant) pleaded guilty to one count of attempted murder. Several years later, he filed a petition for resentencing pursuant to Penal Code section 1172.6.[1] The trial court denied the petition following the issuance of an order to show cause and an evidentiary hearing. Defendant appeals from the order denying his petition for resentencing.

Defendant's appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) to inform the court that counsel had found no arguable issues and to request that we exercise our discretion to conduct an independent review of the record. Counsel also suggested two issues for our consideration. Defendant was given the opportunity to file a supplemental brief on his own behalf and was given notice pursuant to *Delgadillo* that if no supplemental brief was filed, the court might dismiss the appeal as abandoned.

Defendant did not file a supplemental brief. We nonetheless exercise our discretion to conduct an independent review of the record, (*Delgadillo, supra*, 14 Cal.5th at p. 232) and find no arguable issues on appeal. We therefore affirm.

## BACKGROUND

### I. FACTUAL SUMMARY

The facts are taken from the transcript of the preliminary hearing, which the trial court relied upon in denying Defendant's petition for resentencing.

In April 2015, Defendant was dating Amanda Salway. Before

---

[1] All statutory references are to the Penal Code.

then, Salway had dated Jessica Gibson. Salway and Gibson had broken up, but as of April 2015 they remained friends and Salway was staying at Gibson's home in Anaheim.

On April 17, 2015, Salway received a telephone call from Defendant while she and Gibson were in the checkout line at a Walmart. Gibson could hear Defendant and Salway arguing over the phone and, from what Defendant was saying, knew that he was at her house. Gibson was angry and rushed back to her home to confront him.

When Gibson arrived at her house, Defendant was sitting in his truck, which he had backed into her driveway. Unable to park in the driveway, Gibson parked her truck on the street in front of her house. Salway got out of Gibson's truck and approached Defendant's truck. Gibson followed Salway out of the truck and started arguing with Defendant. Defendant yelled at Salway to get in his truck. Salway complied and got into Defendant's truck while Gibson and Defendant continued to yell at each other.

As Gibson stood in front of Defendant's truck, she saw Defendant pull out a gun. Defendant, who was about 16 feet away from Gibson, pointed the gun at her and fired. Gibson picked up a brick and threw it at Defendant's truck, where it landed in the truck bed. Defendant shot at Gibson a second time and then drove away with Salway in his truck.

One bullet lodged in the hood of Gibson's truck; the other bullet struck a neighbor's car.

## II. PREPETITION PROCEDURAL HISTORY

By information filed in May 2017, Defendant was charged with one count of attempted murder of Jane Doe (§§ 187, subd. (a), 664; count 1),

3

one count of kidnapping of Jane Doe No. 2 (§ 207, subd. (a); count 2), and one count of evading police while driving recklessly (Veh. Code, § 2800.2; count 3). As to the attempted murder count it was alleged that Defendant intentionally and personally discharged a firearm in the commission of the crime. (§ 12022.5, subd. (a).) As to the kidnapping count it was alleged that Flores personally used a firearm in the commission of a crime. (*People v. Flores* (Feb. 26,2024, G062283) [nonpub. opn.] (*Flores I.*)

In November 2018, Defendant withdrew his not guilty plea and pleaded guilty to all three counts. On the plea form, Defendant offered this factual basis for his plea: "In Orange County, California, on April 17, 2015, I willfully, unlawfully, [and] knowingly committed the following criminal acts: with the specific intent to kill, I attempted to murder Jane Doe #1, a human being, and I personally used a firearm in the commission of this felony; I also took Jane Doe #2 to another part of Orange County by means of force and by instilling fear, against her will; and while operating a motor vehicle, I drove with willful and wanton disregard for the safety of persons [and] property with the intent to flee and elude a pursuing peace officers' motor vehicle, which were distinctly marked, had a lighted red lamp visible, which I saw [and] were sounding sirens as necessary, which I heard, and the officers wore distinctive uniforms." (*Flores I*, *supra*, G062283.)

Defendant admitted the prior prison enhancement allegations. As per the plea agreement, the trial court sentenced Defendant to a prison term of 15 years and four months. (*Flores I*, supra, G062283.)

RESENTENCING PETITION

In August 2022, Flores filed a petition for resentencing under section 1172.6. In October 2022, he filed a second petition.

In February 2023, the trial court conducted a hearing to address

4

whether Flores had made a prima facie case for relief. (*Flores I, supra,* G062283.) After considering the record of conviction, the court denied the petition. The court found: "'In this case [Defendant] has not made a prima facie showing that any vicarious liability theory would or could have been used. There is no assertion in any part of the record of this case that this crime involved any perpetrator other than the defendant.'" (*Flores I, supra,* G062283.)

In *People v. Flores* (Feb. 26, 2024, G062283) [nonpub. opn.], we concluded the record of conviction did not establish that Defendant was ineligible for relief as a matter of law. (*Flores I, supra,* G062283.) We reversed the order denying Defendant's petition for resentencing and remanded with directions to the trial court to issue an order to show cause and conduct an evidentiary hearing. (*Ibid.*)

Following remand, the trial court issued an order to show cause and conducted an evidentiary hearing. As part of the evidentiary hearing, the court considered (1) the felony complaint, (2) the information, (3) the amended information, (4) the abstract of judgment, (5) the guilty plea form, (6) the court minutes, (7) two protective orders issued against Flores, (8) the preliminary hearing transcript, and (9) the Public Defender's investigation review. The court denied Defendant's resentencing petition. In a written and signed order, the court found: "[Defendant] was the only perpetrator of this crime. He is the only person who fired a gun at the victim and attempted to kill her. He pled guilty with a factual basis that describes all of the elements of the attempted murder. Under this scenario, just as in the case of *P[eople] v. Rodriguez* (2024) 103 Cal.App.5th 451 the court has conducted an intensive individualized inquiry and determines the evidence shows beyond a reasonable doubt that [Defendant] acted with express malice and is guilty on

5

a theory of personal actions and not on vicarious liability."

## ISSUES PRESENTED BY COUNSEL

Defendant's counsel suggests we address the following issues: (1) "Is there substantial evidence to support the trial court's finding that [Defendant] was the sole and actual shooter?" and (2) "Did the trial court apply the correct burden of proof when denying the petition after a hearing pursuant to section 1172.6, subdivision (d)(3)?" Neither argument has merit.

## DISPOSITION

The postjudgment order denying Defendant's petition for resentencing is affirmed.


SANCHEZ, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


MOORE, J.

6